UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

JOSEPH LABICK,                           :   ECF CASE

               Plaintiff,      :   07 CV 6846 (SCR)

    - against –                           :

CONSOLIDATED EDISON COMPANY              :
OF NEW YORK, INC.,
                                         :
               Defendant.
_____x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

MARY SCHUETTE (MS 4752)
Attorney for Defendant Consolidated Edison
  Company of New York, Inc.
4 Irving Place, Room 1815-S
New York, NY 10003
212-460-2496

Of Counsel:
  Geraldine R. Eure (GE 0357)
  212-460-4285
  Paul Limmiatis (PL 5521)
  212-460-2571

August 6, 2007

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT..................................................................................................................2

CONCLUSION...............................................................................................................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
JOSEPH LABICK,                              :    ECF CASE

               Plaintiff,           :    07 CV 6846 (SCR)

   - against –                              :    **MEMORANDUM OF LAW
                                                               IN SUPPORT OF DEFENDANT'S
                                                 :    MOTION TO DISMISS**
CONSOLIDATED EDISON COMPANY                 :
OF NEW YORK, INC.,
                                                 :

              Defendant.
———————————————————————x

## PRELIMINARY STATEMENT

      The plaintiff Joseph Labick ("Plaintiff"), a retired former employee of defendant Consolidated Edison Company of New York, Inc. ("Con Edison" or the "Company"), commenced this action in the City Court of Yonkers, State of New York, County of Westchester, asserting a single claim for breach of contract, and requesting judgment in the amount of $1,327.44.  On July 31, 2007, Con Edison removed the action to this Court on the basis of complete preemption under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in that Plaintiff's claim relates to his monthly pension benefit, which arises out of and is governed by the terms of the Consolidated Edison Retirement Plan ("Plan"), an ERISA plan.  Specifically, Plaintiff seeks the amount by which his monthly benefit was reduced upon his eligibility for Social Security benefits, under the Level Income Option feature of the Plan.

      Con Edison now moves to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(6), on grounds that Plaintiff's breach of contract claim is preempted by ERISA.

## ARGUMENT

Dismissal under Rule 12(b)(6) is the appropriate procedural mechanism for disposing of ERISA-preempted claims after removal. Kolasinski v. Cigna Healthplan of CT, Inc., 163 F.3d 148 (2d Cir. 1998). This action, which disputes the amount of Plaintiff's pension benefits under the terms of an ERISA plan, should be dismissed because it alleges only a claim for breach of contract, which is preempted by ERISA. 29 U.S.C. § 1144(a) (ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). It is beyond cavil that state and common law claims for breach of contract, seeking benefits from an ERISA plan, are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62, 107 S.Ct. 1542, 1546 (1987); Smith v. Dunham-Bush, Inc., 959 F.2d 6, 8-10 (2d Cir. 1992); Harrison v. Metropolitan Life Ins. Co., 417 F.Supp.2d 424, 431-32 (S.D.N.Y. 2006). Plaintiff's breach of contract claim disputes only the reduction of his monthly pension benefit upon his eligibility for Social Security benefits, under the Level Income Option feature of the Plan, which he elected.[1] Consequently, his cause of action is preempted by ERISA, and should be dismissed in its entirety.

## CONCLUSION

Con Edison respectfully requests that the Court dismiss the action and award Con Edison such other and further relief as the Court deems just and proper.

---

[1] Although Plaintiff's City Court Summons does not specifically mention the Plan, he obviously has knowledge of and relies upon the Plan in asserting his action for benefits (see accompanying Declaration of Paul Limmiatis ¶¶ 2-3 & Exh. 1, ¶ 2; Exhs. 1A-1B; Exh. 2 at pp. 60-61), and accordingly, the Plan and relevant records thereunder may be considered by the Court in deciding the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6). Mangiafico v. Blumenthal, 471 F.3d 391, 397-98 (2d Cir. 2006); Harrison, 417 F.Supp.2d at 431 ("In deciding a Rule 12(b)(6) motion, courts may consider 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'") (alterations in original) (quoting Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000)).

Dated: New York, New York
August 6, 2007

                                      MARY SCHUETTE (MS 4752)
                                      Attorney for Defendant Consolidated Edison
                                        Company of New York, Inc.
                                      4 Irving Place, Room 1815-S
                                      New York, NY  10003
                                      212-460-2496

                                      Of Counsel:

                                      By: _____
                                          Geraldine R. Eure (GE 0357)
                                          212-460-4285
                                          Paul Limmiatis (PL 5521)
                                          212-460-2571