UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH LABICK,                                             :   ECF CASE
                                                           :
                            Plaintiff,                     :   07 CV 6846 (SCR)
                                                           :
         - against –                                       :
                                                           :
CONSOLIDATED EDISON COMPANY                                :
OF NEW YORK, INC.,                                         :
                                                           :
                            Defendant.                     :
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

MARY SCHUETTE (MS 4752)
Attorney for Defendant Consolidated Edison
   Company of New York, Inc.
4 Irving Place, Room 1815-S
New York, NY  10003
212-460-2496

Of Counsel:
   Geraldine R. Eure (GE 0357)
   212-460-4285
   Paul Limmiatis (PL 5521)
   212-460-2571

September 11, 2007

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ....................................................................................1

**ARGUMENT**.......................................................................................................................2

1. Plaintiff's Breach of Contract Claim is Preempted by ERISA ............................2

2. Plaintiff Has Failed to Allege Exhaustion of Administrative Remedies ..............2

3. Plaintiff Has No Case on the Merits .......................................................................3

**CONCLUSION** ...................................................................................................................5

## **TABLE OF CASES**

**Page**

Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S.Ct. 2488 (2004)..........................................2

Benaim v. HSBC Bank USA, 94 F.Supp.2d 518 (S.D.N.Y.2000),
    *aff'd*, 23 Fed. Appx. 55, 2001 WL 1512772 (2d Cir. Nov. 21, 2001) ..........................2-3

Berry v. MVP Health Plan, Inc., 2006 WL 4401478 (N.D.N.Y. Sep. 30, 2006) .....................2

Cali v. East Coast Aviation Servs., Ltd., 178 F.Supp.2d 276 (E.D.N.Y. 2001) .......................5

Denius v. Dunlap, 330 F.3d 919 (7th Cir. 2003) ....................................................................5

Engler v. Cendant Corp., 380 F.Supp.2d 136 (E.D.N.Y. 2005) ..............................................2

Greifenberger v. Hartford Life Ins. Co., 2003 WL 22990093 (S.D.N.Y. Dec. 18, 2003),
    *aff'd*, 131 Fed. Appx. 756, 2005 WL 1162982 (2d Cir. May 16, 2005).........................2

Hanig v. Yorktown Cent. Sch. Dist., 384 F.Supp.2d 710 (S.D.N.Y. 2005) .............................2

Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588 (2d Cir. 1993) ......................2

Massaro v. Allingtown Fire Dist., 2006 WL 1668008 (D. Conn. Jun. 16 2006).....................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH LABICK,                                              :    ECF CASE
                                                            :
                            Plaintiff,  :    07 CV 6846 (SCR)
                                                            :
             - against –                                  :    **MEMORANDUM OF LAW IN**
                                                            :    **REPLY TO PLAINTIFF'S**
CONSOLIDATED EDISON COMPANY                                 :    **OPPOSITION TO DEFENDANT'S**
OF NEW YORK, INC.,                                          :    **MOTION TO DISMISS**
                                                            :
                           Defendant. :
-----------------------------------------------------------x

## PRELIMINARY STATEMENT

The opposition papers submitted by plaintiff Joseph Labick ("Plaintiff") nowhere address the basis of defendant's motion to dismiss – that the breach of contract action against defendant Consolidated Edison Company of New York, Inc. ("Con Edison" or the "Company"), seeking pension benefits under the Consolidated Edison Retirement Plan ("Plan"), is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiff disputes only the reduction in his September 2006 benefit payment – an issue of Plan interpretation redressable only under ERISA. But not only does he fail to allege a claim under ERISA, he also fails to allege that he exhausted administrative remedies under the Plan, a prerequisite to commencing an ERISA action for benefits. Additionally, he has sued the wrong defendant, since an ERISA action for benefits must be brought against the Plan itself, not the Plan sponsor or former employer (defendant Con Edison). In any event, Plaintiff's action is completely without merit and should be dismissed in its entirety.

## ARGUMENT

1. **Plaintiff's Breach of Contract Claim Is Preempted By ERISA**

Plaintiff's cause of action, which asserts only a claim for breach of contract, is preempted by ERISA,[1] and he makes no argument to the contrary.[2] His complaint involves nothing more than an issue of Plan interpretation – the timing of his pension reduction under the Level Income Option feature of the Plan – which falls within the exclusive province of ERISA.[3] Thus, Plaintiff has no cause of action under state or common law, so his complaint should be dismissed.

2. **Plaintiff Has Failed to Allege Exhaustion of Administrative Remedies**

Even if Plaintiff's contract claim were treated as a claim for benefits under ERISA, the action would still have to be dismissed for failure to exhaust administrative remedies under the Plan. The Second Circuit "has recognized the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993) (internal quotations omitted); see also Benaim v. HSBC Bank USA, 94 F.Supp.2d 518, 519 (S.D.N.Y. 2000) ("ERISA requires the exhaustion of plan remedies as a prerequisite to a suit for benefits"), aff'd, 23 Fed. Appx. 55, 2001 WL 1512772 (2d Cir. Nov. 21, 2001). "Exhaustion serves the important purposes of placing responsibility for plan administration principally on plan trustees rather than the courts, creating an administrative record, and permitting limitation of the scope of court review of eligibility

---

[1] See page 2 of the Memorandum of Law in Support of Defendant's Motion to Dismiss, and the cases cited therein.
[2] See Hanig v. Yorktown Cent. Sch. Dist., 384 F.Supp.2d 710, 723 (S.D.N.Y. 2005) (claim deemed abandoned where plaintiff failed to address defendant's motion to dismiss with regard to that claim); Massaro v. Allingtown Fire Dist., 2006 WL 1668008, *5 (D. Conn. Jun. 16, 2006) ("When a plaintiff's specific claim is attacked in a motion to dismiss, a plaintiff must rebut the defendant's argument against that claim or it shall be deemed abandoned.")
[3] See, e.g., Aetna Health Inc. v. Davila, 542 U.S. 200, 213-214, 124 S.Ct. 2488, 2498 (2004) (state law claim preempted where "potential liability . . . derives entirely from the particular rights and obligations established by the benefit plans"); Berry v. MVP Health Plan, Inc., 2006 WL 4401478, *5 (N.D.N.Y. Sep. 30, 2006) (ERISA preempts state law claims alleging failure to provide plan benefits because "the terms of the plans control the amount of benefits to which plaintiffs are entitled"); Engler v. Cendant Corp., 380 F.Supp.2d 136, 140 (E.D.N.Y. 2005) (common law contract claim preempted "because it challenges [plan administrator's] calculation of the Plaintiff's entitlement to benefits under the plan").

2

determinations." Id., 94 F.Supp.2d at 519. Here, Plaintiff has failed to allege exhaustion of administrative remedies under the Plan,[4] and therefore, any benefit claim based on ERISA would have to be dismissed.[5]

Furthermore, Plaintiff cannot maintain the action against Con Edison because an ERISA claim for benefits "must be brought against the plan itself, not the plan sponsor or the employer." Benaim, 94 F.Supp.2d at 519.

### 3.   Plaintiff Has No Case on the Merits

Even if Plaintiff had properly asserted an ERISA claim, the case would have to be dismissed because his claim is without merit. The terms of the Level Income Option elected by Plaintiff required a reduction in his pension benefits when he reached age 62. In fact, the Plan document he cites, describing the Level Income Option, unambiguously states: "You receive a higher pension benefit from the date of your retirement to your choice of Age 62 or Normal Social Security Retirement Age, and a lower pension benefit thereafter." (See Plaintiff's Pro Se Affidavit ("Pl. Aff.") Ex. 1, § II at 1). It is undisputed that he chose Age 62 (see accompanying Declaration of Raymond J. Herzog, Jr. ("Herzog Decl.") ¶ 3 & Ex. B), which he reached on August 3, 2006 (Id., ¶ 5 & Ex. D). Consequently, his pension was reduced beginning September 2006, the first month following his 62nd birthday, in accordance with the Level Income Option he elected (Id., Ex. B, § I) ("Shown below are . . . the monthly pension payments you will receive if

---

[4] Section 503 of ERISA provides that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). The Plan's procedures under which participants such as Mr. Labick may ask questions, submit claims, and request full and fair administrative review of any denied claim, are attached as Exhibit E to the accompanying Declaration of Raymond J. Herzog, Jr.

[5] Benaim, 94 F.Supp.2d at 519 ("As plaintiff has failed to allege that he has exhausted his remedies under the plan, this action must be dismissed."); Greifenberger v. Hartford Life Ins. Co., 2003 WL 22990093, *4 (S.D.N.Y. Dec. 18, 2003) ("If a plaintiff fails to allege that he or she has exhausted administrative remedies, the claim must be dismissed"), aff'd, 131 Fed. Appx. 756, 2005 WL 1162982 (2d Cir. May 16, 2005).

you elect a Level Income Option . . . commencing at your retirement *with a reduction in your pension amount at* either *age 62* or at your normal social security retirement age") (emphasis added). Consequently, Plaintiff's assertion that "[t]here is no mention in the retirement papers I received to indicate there would be a reduction in Consolidated Edison pension benefits prior to my first Social Security payment" (Pl. Aff. ¶ 4), is incorrect because his retirement papers clearly indicated that the reduction would be made when he turned 62 (Pl. Aff. Ex. 1; Herzog Decl. Ex. B; see also id. ¶¶ 2-4 & Exs. A, C).

In any event, Plaintiff's argument – that he did not receive a "level income" for the month of September 2006 – is factually incorrect, because his first Social Security benefit payment, which was direct deposited in October 2006, actually covered the month of September 2006. This fact is clearly explained on the Social Security Administration's website, see http://ssa-custhelp.ssa.gov, in the answers to "Frequently Asked Questions" concerning when retirement benefits begin and social security benefit checks are paid:

Question

When are Social Security benefit checks paid by direct deposit or check?

Answer

Social Security benefits are paid each month, but for the previous month. For example *the check received in June is for the month of May*. . . .

Question

What month do retirement benefits begin?

Answer

A person who meets all requirements for entitlement can receive reduced benefits beginning with the first full month that he/she is age 62. . . .

4

Social Security benefits are paid in the month following the month for which they are due. For example, *if your 62nd birthday is July 15, your first month of entitlement is August, and you would receive your first check in September*.

(See accompanying Reply Declaration of Paul Limmiatis, Exs. 1-2).[6] Accordingly, Plaintiff received a "level income" in accordance with the unambiguous terms of the Plan and the rules of the Social Security Administration.

## CONCLUSION

For the reasons set forth above, in the accompanying declarations and exhibits, and in defendant's moving papers, Con Edison respectfully requests that the Court dismiss the action and award Con Edison such other and further relief as the Court deems just and proper.

Dated: September 11, 2007
New York, New York

MARY SCHUETTE (MS 4752)
Attorney for Defendant Consolidated Edison
  Company of New York, Inc.
4 Irving Place, Room 1815-S
New York, NY 10003
212-460-2496

Of Counsel:

By: _____
Geraldine R. Eure (GE 0357)
212-460-4285
Paul Limmiatis (PL 5521)
212-460-2571

---

[6] The Court may take judicial notice of information posted on a federal government website. See, e.g., Denius v. Dunlap, 330 F.3d 919, 926 (7th Cir. 2003); Cali v. East Coast Aviation Servs., Ltd., 178 F.Supp.2d 276, 287 n.6 (E.D.N.Y. 2001).

5