UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH LABICK,

                Plaintiff,

      -against-                           **REPORT AND RECOMMENDATION**

CONSOLIDATED EDISON COMPANY
OF NEW YORK,                                       07 Civ. 6846 (SCR) (GAY)

                Defendant.
------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff commenced this action in the City Court of Yonkers, State of New York, County of Westchester, asserting a single claim for breach of contract. Plaintiff requested judgment in the amount of $1,327.44. On July 31, 2007, defendant Con Edison removed the action to this Court on the basis of complete preemption under the Employee Retirement Security Act of 1974, as amended ("ERISA"). Specifically, plaintiff's case was removed because his claim relates to his monthly pension benefit, which arises out of and is governed by the terms of the Consolidated Edison Retirement Plan (the "Plan"), a plan that is governed by ERISA. Presently before this Court is defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons that follow, I respectfully recommend that defendant's motion should be GRANTED.

Case 7:07-cv-06846-SCR-GAY    Document 13    Filed 03/10/2008    Page 2 of 5

## I. BACKGROUND

The following facts are taken from the plaintiff's submissions:

Plaintiff Labick was employed by Con Edison for thirty-seven (37) years, retiring effective August 1, 2000. Prior to retirement, plaintiff opted for the "Level Income Option" of the Plan with a pension reduction at age sixty-two (62). This option was designed to keep a pensioner's income at a constant level, accounting for social security payments, which were to begin upon reaching the age of sixty-two. Plaintiff turned sixty-two on August 3, 2006. Plaintiff's received $5203.37 from the Plan for the month of August, 2007. In September, 2006 plaintiff received $3,875.93 from the plan and no payment from Social Security. In October, 2006, plaintiff received $3,875.93 from the plan and his first payment from Social Security in the amount of $1468.00, for a total of $5343.93. Plaintiff seeks the difference between the August, 2006 pension payment of $5203.37 and the pension payment of September 2006 for $3785.93, or $1327.44.

## II. RULE 12(b)(6) STANDARD OF REVIEW

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly,

243 F.3d 687, 691 (2d Cir. 2001).  Further, for purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

### III.  DISCUSSION

Defendant moves to dismiss the action on the grounds that Plaintiff's breach of contract claim is preempted by ERISA.

Plaintiff seeks recovery for an alleged deficiency in his September 2006 pension payment.  While plaintiff named Con Edison in his initial State court action, his State law breach of contract claim arises out of and is governed by the terms of the Consolidated Edison Retirement Plan. Plaintiff's claim exists only because of his participation in the Plan.  Without the Plan, there would be no relationship between Con Edison and plaintiff which could support the cause of action.  See Bailey-Gates v. Aetna Life Ins. Co., 890 F. Supp. 73, 79 (D. Conn. 1994).  This plan is an employee-pension benefit plan within the scope of ERISA.  29 U.S.C. § 1002(2)(A).  In passing ERISA, Congress intended for the Act to supersede all state laws that relate to plans covered under the act.  See 29 U.S.C. § 1144(a) (1994) (establishing that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in. . . this title").

Plaintiff, in his motion papers, fails to address this issue or amend his complaint to include an ERISA claim. Plaintiff does briefly address the issue is his "STATEMENTS ORIGINALLY PLANNED TO BE PRESENTED AT THE CANCELED OCTOBER 5, 2007 CONFERENCE" document submitted to the court after the motion was fully submitted on October 5, 2007. Liberally construing these three paragraphs as a motion to amend his complaint, plaintiff's motion is denied as "futile." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997). Plaintiff fails to allege an exhaustion of administrative remedies under the plan as required in an ERISA action. One phone call and one "letter of complaint" to Mr. Herzog cannot be characterized as an exhaustion of remedies for ERISA purposes. Benamin v. HSBC Bank USA, 94 F. Supp. 2d 518, 519 (S.D.N.Y. 2000); see also Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993). As plaintiff's action consists of a single state law claim related to and against an ERISA plan, it is preempted by ERISA and should therefore be dismissed. See Kolasinski v. Cigna Healthplan of CT, Inc., 163 F.3d 148 (2d Cir. 1998).

## IV. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that defendant's motions to dismiss should be granted and plaintiff's complaint dismissed.

## V. NOTICE

## V. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F. 2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable STEPHEN C. ROBINSON and not to the undersigned.

Dated: March 10, 2008
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.