UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**Joseph Labick,**
        **Plaintiff,**

v.

**Consolidated Edison Company
of New York,**
        **Defendant.**

**DECISION AND ORDER
07 Civ. 6846(SCR)(GAY)**

---

**STEPHEN C. ROBINSON, District Judge:**

Plaintiff, a former employee of the Defendant Con Edison, commenced this breach of contract action in New York state court seeking to recover pension money he claims is owed to him. The Defendant removed the action to this Court and filed a motion to dismiss for failure to state a claim on the grounds that the Plaintiff's claim is preempted by the Employee Retirement Security Act of 1974 ("ERISA"). The action was referred to Magistrate Judge George A. Yanthis, who issued a Report & Recommendation concluding that the complaint should be dismissed. No objections to the Report & Recommendation have been received by my chambers or filed with the court.

In reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F.

Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Here, as mentioned, there have been no objections to Judge Yanthis's recommendation.

Having reviewed Judge Yanthis's thorough and well-reasoned Report, I accept and adopt the Report in its entirety. The Plaintiff's claim is governed by the terms of the Consolidated Edison Retirement Plan, an employee-pension benefit plan that falls within ERISA's scope. *See* 29 U.S.C. § 1002(2)(A). The Plaintiff's complaint does not include an ERISA claim, nor did he amend the complaint to include such a claim or, moreover, allege an exhaustion of administrative remedies under the plan as ERISA requires. Thus, the cause of action is preempted by ERISA.

Accordingly, Defendant's motion to dismiss is GRANTED, and the complaint is dismissed. The Clerk of the Court is ordered to close the case.

*It is so ordered.*

White Plains, New York
Dated: August 21, 2008

Stephen C. Robinson
United States District Judge